UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS - AUSTIN DIVISION

| | |
|---|---|
| JEREMY STORY, § <br>    *Plaintiff,* § <br> v. § <br> § <br> WILLIAMSON COUNTY JUDGE BILL GRAVELL, § <br> WILLIAMSON COUNTY SHERIFF MIKE GLEASON, § <br> OFFICER BRIEN CASEY, OFFICER JASON BRIGGS, § <br> OFFICER DOE 1, OFFICER DOE 2, as individuals, and § <br> WILLIAMSON COUNTY, TEXAS § <br>    *Defendants.* | **Civil Action No.** <br> **1:23-cv-01120-DII** <br><br><br> **JURY** <br> **DEMANDED** |

**PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Jeremy Story, herein responds ("Response") to Defendants Williamson County Judge Bill Gravell, Williamson County Sheriff Mike Gleason, and Williamson County Deputies Brian Casey and Jason Briggs' *Motion to Dismiss Under Rule 12(b)(6)* [Document 11]. Plaintiff incorporates his *Amended Complaint* ("Complaint").

Summarizing, this is a constitutional violation case arising out of Plaintiff's arrest by Defendants Gleason, Casey, and Briggs and removal by Defendant Gravell.[1] Plaintiff alleges that Defendants Gleason, Casey, and Briggs violated his 1st, 4th and 14th Amendment rights when securing and executing a tainted warrant. Plaintiff alleges that there is sufficient causal connection between Defendant Gleason as RRISD Superintendent Azaiez's puppet to arrest Plaintiff. Defendant Gravell violated Plaintiff's 1st Amendment rights and TOMA by kicking Plaintiff out based on his viewpoint when Plaintiff was not violating rules of decorum and others obviously were. Lastly, qualified immunity should not be decided here because Plaintiff's pleadings show an unreasonable violation of Plaintiff's clearly established constitutional rights.

---

[1] Plaintiff nonsuits his equal protection cause of action regarding the COVID-19 jailing policy.

# I. ARGUMENT AND AUTHORITIES

1. Plaintiff has plead more than sufficient facts to demonstrate Defendants violated his constitutional rights under state law entitling him to relief under 42 U.S.C. § 1983.

## A. Applicable Legal Standards

### i. *Defeating a Motion to Dismiss requires well-pleaded facts.*

2. "[A] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. U.S.*, 281 F.3d 158, 161-62 (5th Cir. 2001). To survive a Motion to Dismiss, a plaintiff need only "plead enough facts to state a claim to relief that is plausible on its face." *Zastrow v. Hous. Auto Imports Greenway Ltd.*, 789 F.3d 553 (5th Cir. 2015) (quoting *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir.2012). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

3. The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the Plaintiff." *Id*. The court cannot dismiss the claim "unless the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (quoting *Alexander v. Verizon Wireless Servs.,L.L.C.*, 875 F.3d 243, 249 (5th Cir. 2017). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### ii. *Qualified immunity*

4.   When the defense of qualified immunity is raised via a Rule 12(b)(6) motion, it is the defendant's conduct as alleged in the complaint that is scrutinized for purposes of the qualified immunity analysis. *See Behrens v. Pelletier*, 516 U.S. 299, 309 (1996). A defendant cannot succeed on a qualified immunity defense at this stage if the pleadings on their face show an unreasonable violation of a clearly established constitutional right. *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000), overruled on other grounds, *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002)).

### B. Plaintiff has stated plausible claims for relief.

#### i. *Plaintiff has stated a plausible claim that Def. Casey and Briggs knowingly conducted a false arrest, violating his 1st, 4th, and 14th Amendment Rights.*

5.   Plaintiff adequately plead that RRISD Superintendent Azaiez improperly encouraged the Williamson County Judge to issue an improper warrant for Plaintiff's arrest by Defendants Casey and Briggs as Azaiez's "personal police force to create a false affidavit, *secure an arrest warrant*, and then encouraged the retaliatory arrest." (emphasis added) Complaint, ¶24.  Plaintiff also stated that Deputies Casey and Briggs, while arresting him, made references to Dustin Clark as Plaintiff's "money man helping you with that campaign" and "We are also arresting your 'money man' who lives near you." Complaint, ¶22. Plaintiff and Clark were both arrested the same day based on their statements at the school board meeting, which formed the basis for the false warrant. Complaint, ¶16-24. Defendants Casey and Briggs had actual knowledge of the false nature of the arrest and their statements show their intent to chill Plaintiff from speaking up further.

6.   Independent intermediary doctrine does not apply because comments by Defendants Casey and Briggs are significant in showing their personal knowledge of the situation, involvement, and

intentions to knowingly execute a false warrant while seeking to arrest Plaintiff and his "money man" in support of Azaiez. *Beck v. State of Ohio*, 379 U.S. 89, 96—97 (1964).

7.  Defendant Casey and Briggs' adverse actions in assisting to secure and execute a false warrant were substantially motivated against chilling Plaintiff's 1st Amendment rights. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002). Defendants admit that for at least three months, Defendant's chilled Plaintiff's 1st Amendment rights. However, Plaintiff was discriminated against for his viewpoint at that meeting three months later regarding the same subject matter that is the basis for Defendant's adverse actions.

8.  Thus, Casey and Briggs are liable for constitutional violations for 1st Amendment retaliation, 4th Amendment false arrest, and 14th Amendment equal protection under § 1983 which ought not be dismissed on a Rule 12 basis

> ii. *Plaintiff has stated a plausible claim against Def. Gleason based on sufficient casual connection with constitutional violations against Plaintiff.*

9.  Likewise, Plaintiff alleged that Defendant Gleason acted in concert with Defendants Casey and Briggs to knowingly secure and execute the false warrant to arrest Plaintiff as RRISD Superintendent Azaiez's puppet. Complaint, ¶43. Sheriff Gleason's officers had clear knowledge of the RRISD school board events and knowledge that the affidavit was false. Complaint, ¶22. The situation itself shows Gleason's involvement. Complaint, ¶46-47. Plaintiff has adequately pleaded a sufficient causal connection between Defendant Gleason and the constitutional violation. Complaint, ¶22, 43, 46-47, 60-61; *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018). Plaintiff believes that discovery will only show further involvement by Defendant Gleason in securing the false warrant and violation of Plaintiff's constitutional rights.

10. Further, Defendant Gleason's adverse actions in assisting to secure a false warrant were designed to chill Plaintiff's 1st Amendment rights. *Keenan*, 290 F.3d at 258. In their Motion,

Defendants defend against the allegation by observing that Story came back to speak to the Commissioners Court (and not the RRISD Board of Trustee meeting) three months after his arrest; Plaintiff asserts that such a response is a tacit admission to the chilling of his speech for those three months. However, Plaintiff was discriminated against for his viewpoint at that meeting three months later regarding the same subject matter that is the basis for Defendant's adverse actions.

### iii. Plaintiff has stated a plausible claim that Defendant Gravell violated Plaintiff's 1st Amendment Rights and TOMA.

11. There is no dispute that Judge Gravell ejected Plaintiff Story from the Commissioners Court in retaliation for Plaintiff's viewpoint. Defendant Gravell during the meeting claimed he had warned Plaintiff, but he had not. Complaint, ¶30. Defendant Gravell kicked Plaintiff out after Plaintiff pointed out that he had, in fact, not been warned. Complaint, ¶31-33. Plaintiff was obeying the rules of decorum the entire time yet was singled out in retaliation for Plaintiff's comments. Complaint, ¶26-33. Defendant Gravell removed Plaintiff in relation for his opinion, though other individuals were actually violating decorum rules and Plaintiff was not. *Id.* Plaintiff appropriately addressed Gravell when Gravell addressed Plaintiff. *Id.* Plaintiff only responded to Gravell to clarify why he was singled out even though in that moment Plaintiff was not violating any decorum rules and others were. *Id.* Defendant Gravell brought up Story's previous meeting and arrest to threaten him before retaliating against him. *Id. See also,* meeting video, Defendant's Exhibit C.

12. Defendant Gravel violated Plaintiff's 1st Amendment rights by retaliating against him and throwing him out. *Id.*; *Matal v. Tam*, 582 U.S. 218, 243 (2017). Defendant Gravel violated TOMA by prohibiting Plaintiff's criticism of Defendant Gravell's choice to single him out and by lying that he had previously warned Plaintiff. *See id.;* Tex. Gov't Code § § 551.002 & 551.007(e).

13. Though Defendants assert that the video of that meeting shows others being removed, it does not show that Plaintiff was previously warned.

> ***iv. Defendants are not entitled to qualified immunity because Plaintiff has plead plausible claims of violations of Plaintiff's clearly established constitutional rights.***

14. Plaintiff's claims involving the 1st, 4th, and 14th Amendment claims involve issues of factual interpretation. Where claims against individual Defendants are proceeding, this Court should revisit the application of qualified immunity at the summary judgment stage on a complete record. *See Behrens*, 516 U.S. at 309; *Shipp*, 234 F.3d at 912; *McClendon*, 305 F.3d at 314. Plaintiff's pleadings show an unreasonable violation of Plaintiff's clearly established constitutional rights.

15. In the alternative, Plaintiff has plead plausible facts showing an unreasonable violation of Plaintiff's clearly established 1st, 4th, and 14th Amendment constitutional rights, qualified immunity should not apply.

## II.   CONCLUSION

Taking all well-pleaded facts as true in favor of Plaintiff, Plaintiff has stated plausible claims of relief through § 1983 for constitutional violations under the 1st, 4th, and 14th Amendments against Defendants Gleason, Casey, Briggs, and 1st and 14th Amendment, and TOMA violations by Defendant Gravell.

Respectfully submitted,

/s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094
warren@norredlaw.com
NORRED LAW, PLLC
515 E. Border Street; Arlington, Texas 76010
P: 817-704-3984; F: 817-524-6686
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE:** I certify that this Response was served on all parties of interest via the Court's efile system on December 22, 2023.

/s/*Warren V. Norred*
Warren V. Norred